UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOY EBUZOR-ONAYEMI,<br><br>Petitioner,<br><br>v.<br><br>UNION COUNTY POLICE DEPARTMENT,<br>MEGHAN TOMLINSON, SHAWN BARNES,<br>DANIEL GALLAGHER, et al.,<br><br>Defendants. | Docket No.: 16-cv-1869<br><br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff Joy Ebuzor-Onayemi brought this action under 28 U.S.C. § 1983 against the Union County Prosecutor's Office (the "UCPO"), prosecutors Meghan Tomlinson and Shawn Barnes, Union County police officer Daniel Gallagher, and Union County employee Moshood Olushekun (collectively, "Defendants"). Plaintiff principally alleges that Defendants violated the Due Process Clause of the Fourteenth Amendment by fabricating evidence and using it to wrongfully convict her in state court of burglary and falsification of records. The UCPO and Defendants Tomlinson, Barnes and Gallagher (the "moving Defendants") move to dismiss all claims. Because the claims against *pro se* Defendant Moshood Olushekun are indistinguishable from the claims against the other Defendants, the Court considers Olushekun to have joined the motion. For the reasons explained below, Defendants' motion is **GRANTED** as follows.

All Counts against the UCPO are **DISMISSED** *with* **prejudice**. As to all other Defendants, the Complaint is **DISMISSED** *without* **prejudice** as to claims 1, 2, 3, 4, 5, and 7, while Count 6 is **DISMISSED** *with* **prejudice.**

I.  **BACKGROUND**

The following facts have been drawn from the Complaint unless otherwise indicated. On April 2, 2014, Plaintiff was convicted in Union County, New Jersey, of burglary and falsification of records. Events giving rise to the prosecution began on April 8, 2011, when Plaintiff was terminated from her position as assistant manager of Windsor

1

Way, a group home for individuals with developmental disabilities.[1] The purported basis for her firing was that Plaintiff had falsified residents' medical records. The termination led to a confrontation and police were called to the scene. Before leaving, Plaintiff handed over to police what she represented to be the key to Windsor Way.

### A. The prosecution's theory of the case

According to prosecutors, Plaintiff intentionally handed in the wrong key and withheld a second key to an office inside the Windsor Way building. Later that day, prosecutors alleged, she used the actual keys to enter Windsor Way and remove certain medical records. Plaintiff then gave a bag containing the stolen documents and two keys to her boyfriend, Defendant Moshood Olushekun, then a Union County employee working at the county courthouse. ECF No. 21. A state appeals court, which recently upheld the conviction, described the following sequence of events:

> [Olushekun] testified that defendant[2] told him that she had turned over the wrong key and she had then gone to the group home and taken some documents. Defendant then handed [Olushekun] a black nylon shopping bag that contained documents and asked [Olushekun] to hold the bag for her.
>
> Several months later, defendant asked [Olushekun] to get rid of the bag. Although [Olushekun] told defendant he had discarded the bag, he actually continued to hold it. In June 2011, [Olushekun] and defendant ended their romantic relationship, but they continued to live together. Thereafter, their relationship became contentious . . .
>
> In 2013, a detective with the Union County Prosecutor's Office came to see [Olushekun] and asked if he had any information relating to the criminal charges that had been filed against defendant. [Olushekun] initially told the detective that he had no such information, but several months later he disclosed that he had the bag that defendant had given him on April 8, 2011. [Olushekun] then turned over the bag to the detective. The bag contained medical records taken from Windsor Way and two keys to that home. The bag and its contents were introduced as evidence at defendant's criminal trial.

*State v. Ebuzor-Onayemi*, 2016 WL 3563190, at *1 (N.J. Super. Ct. App. Div. July 1, 2016). The stolen documents and the keys allegedly produced by Olushekun were evidence necessary for prosecuting Plaintiff. At trial, Plaintiff denied taking the medical records and denied that she entered Windsor Way. The jury nonetheless found her guilty

---

[1] Plaintiff's employer while at Windsor Way was Our House, Inc ("Our House").
[2] "Defendant" refers to the plaintiff in the instant matter, Joy Ebuzor-Onayemi (otherwise referred to as "Plaintiff" in this opinion).

of burglary and falsification of records, and she was sentenced to three years of probation.[3] An appeal was denied on July 1, 2016 by the Superior Court, Appellate Division. *Id.*

### B. Plaintiff's account of the events leading to her conviction

Plaintiff maintains that her conviction was the result of a conspiracy to "secure a conviction at all costs," and that the keys and medical records were fabricated evidence. ECF No. 26, at 15. She alleges that Olushekun never had possession of the keys, so could not have provided them to police; that Officer Gallagher's Property Receipt of June 6, 2013, which describes the bag's contents, did not refer to a key, Compl., Ex. 1; and that an Investigation Report also drafted on June 6, 2013 similarly failed to mention a key. *See id.*

The earliest documentation of the keys is Officer Gallagher's September 9, 2013 report describing a "marble notebook" containing a single brass key, apparently included in the bag of evidence provided by Olushekun. Compl. ¶ 38. On March 4, 2014, shortly before trial, Prosecutor Meghan Tomlinson discovered the second key, also inside the marble notebook. *Id.* at ¶ 46. This finding was significant because Plaintiff would have needed both keys to commit the burglary. *Id.* Plaintiff characterizes the discovery of the second key as "implausible"; she argues that the notebook allegedly containing the keys had already been handled and photocopied months earlier, such that "the second key would have fallen" long before the notebook reached Tomlinson. *Id.* at ¶ 47-48. "[C]ontrarily," Plaintiff argues, "[the key] did not appear until right before trial." ECF No. 26, at 6. In sum, Plaintiff argues she was framed.

### C. Proceedings before the Court

Plaintiff brought this action seeking damages on April 1, 2016, alleging that Defendants fabricated evidence that resulted in her wrongful conviction. Preliminarily, the Court notes that Plaintiff agreed in her opposition brief to dismiss Count 2 (42 U.S.C. § 1985), Count 4 (failure to intervene); Count 5 (civil conspiracy); and Count 7 (*respondeat superior*). ECF No. 26, at 20. The Court **DISMISSES** those claims **without prejudice.** Plaintiff also concedes that the UCPO enjoys immunity from all Counts pursuant to the Eleventh Amendment. Const. Amend. XI. Accordingly, all Counts against the UCPO are **DISMISSED with prejudice**.

The analysis below pertains to the three remaining Counts (Counts 1, 3, and 6). Count 1 states under 42 U.S.C. § 1983 that Defendants' misconduct violated the Due Process Clause of the Fourteenth Amendment. Const. Amend. XIV. Count 3, also brought under § 1983, alleges a conspiracy to fabricate evidence in deprivation of Plaintiff's constitutional rights. Lastly, Count 6 alleges intentional infliction of emotional distress

---

[3] Plaintiff alleges that, because of her conviction, she "cannot gain meaningful employment"; she also alleges that police "distributed a Press Release . . . outlining the conviction of Plaintiff and further ensuring damage to Plaintiff's livelihood and reputation." Compl. ¶ 5.

under New Jersey law. Remaining Defendants who are joined in this motion are Union County Prosecutors Meghan Tomlinson and Shawn Barnes and Officer Daniel Gallagher. The Court also considers *pro se* Defendant Moshood Olushekun to have joined in the motion.[4]

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a 12(b)(6) motion, the Court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. *See Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

## III. DISCUSSION

Plaintiff's Fourteenth Amendment due process claims brought under § 1983 create subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Section 1983 provides: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . [causes] deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. The Court finds that Counts 1 and 3 fail to state claims under § 1983, and that Count 6, intentional infliction of emotional distress, is barred by the notice provision of the New Jersey Tort Claims Act (the "NJTCA"). The rest of the claims were voluntarily dismissed in Plaintiff's opposition brief, so they require no analysis. ECF No. 26, at 20.

### A. Claims under Section 1983 (Counts 1 and 3)

Count 1 asserts a fabrication-of-evidence claim arising from the Due Process Clause of the Fourteenth Amendment, asserted under 28 U.S.C. § 1983. Count 3 alleges a conspiracy to fabricate evidence in violation of the Due Process Clause, also under § 1983. In fact, these claims are *not* cognizable under § 1983 because they necessarily impugn the validity of an extant state conviction, in violation of *Heck v. Humphrey* 512 U.S. 477, 487 (1994). Counts 1 and 3 fail.

### a. Count 1 - Fabrication-of-Evidence Due Process Claim

In the Third Circuit, fabrication-of-evidence is a freestanding constitutional tort. "[A] criminal defendant has been denied due process of law if [she] is convicted on the

---

[4] Rather than move to dismiss, Defendant Olushekun instead filed an Answer *pro se* on August 11, 2016 denying all claims. ECF No. 13. The Court reads the Answer as asserting failure to state a claim upon which relief can be granted. *See* 12(h)(2)(A) ("Failure to state a claim . . . may be raised [] in any pleading allowed or ordered under Rule 7(a) . . ..").

4

basis of fabricated evidence." *Halsey v. Pfeiffer*, 750 F.3d 273, 290, 293-94 (3d Cir. 2014) ("We emphatically reject the notion that due process of law permits the police to frame suspects."). To plead a fabrication-of-evidence due process claim, a plaintiff must show not only that evidence was indeed fabricated, but also "a reasonable likelihood that, without the use of that evidence, the defendant would not have been convicted." *Id.* at 294.

*Heck*, meanwhile, prohibits federal courts from entertaining §1983 claims that, if successful, "would necessarily imply the invalidity of [the plaintiff's] conviction or sentence . . . unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." 512 U.S. at 486-89. Plaintiff's conviction and sentence have not been "reversed, expunged, invalidated or impugned." Because a fabrication-of-evidence claim must allege "a reasonable likelihood that . . . the defendant would not have been convicted" without the fabricated evidence, and because Plaintiff's sentence and conviction remain standing, *Heck* prevents Count 1 from stating a claim cognizable under § 1983. 512 U.S. at 486-89.

Although *Heck* involved the tort of malicious prosecution, which the Third Circuit distinguishes from fabrication-of-evidence, *Heck's* holding extends naturally to fabrication-of-evidence claims. *Echeverria v. Corvasce*, 2014 WL 2094140, at *2 (D.N.J. May 20, 2014) ("Plaintiff's due process fabrication of evidence claim is barred by *Heck* because a favorable judgment on the claim would necessarily imply the invalidity of Plaintiff's conviction . . ." ).[5] This is particularly true where a plaintiff unambiguously asserts that she "would not have been convicted" but for the unconstitutional use of fabricated evidence by Defendants.

b. Count 3: Conspiracy to Deprive Plaintiff of Due Process

Count 3 alleges that Defendants formed a conspiracy to deprive Plaintiff of her constitutional right to due process by fabricating evidence used to convict Plaintiff. This Count fails for the same reason that Count 1 fails. To recognize an agreement among Defendants to fabricate evidence to convict Plaintiff would assail the integrity of Plaintiff's extant conviction, in contravention with *Heck*. *See, e.g.*, *Amaker v. Weiner*, 179 F.3d 48, 51-52 (2d Cir. 1999) (holding that *Heck* applies to § 1983 conspiracy claims). Count 3 fails.

Defendants' motion to dismiss Counts 1 and 3 is **GRANTED** pursuant to Rule 12(b)(6), and those claims are **DISMISSSED without prejudice.** Plaintiff may amend or refile her § 1983 claims should, for instance, her sentence be "declared invalid by a state

---

[5] Plaintiff argues that the *Heck* bar should not apply because, in October 2014, several months after she was convicted, a civil jury determined that she was not liable to employer Our House for conversion and trover. Compl. ¶ 9. Whatever credibility that outcome lends credibility to Plaintiff's pending § 1983 claims, it does not disturb her conviction or sentence. Indeed, Plaintiff's conviction was recently upheld by a state appeals court. *State v. Ebuzor-Onayemi*, 2016 WL 3563190, at *1 (N.J. Super. Ct. App. Div. July 1, 2016).

tribunal authorized to make such determination." *See Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (finding that dismissal under *Heck* should not be ordered with prejudice) (citing *Amaker v. Weiner*, 179 F.3d 48, 52 (2d Cir. 1999) ("Disposition of the case on *Heck* grounds ... warrants only dismissal without prejudice.")).

### B. Intentional Infliction of Emotional Distress (Count 6)

Count 6 asserts intentional infliction of emotional distress ("IIED") under state common law. In New Jersey, IIED consists of "intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Tarr v. Ciasulli*, 853 A.2d 921, 924 (N.J. 2004). Plaintiff alleges that the Defendants are liable for IIED because they conspired to fabricate evidence and to convict her of a crime she did not commit. In response, the moving Defendants argue, *inter alia*, that the limitations provision of New Jersey's Tort Claims Act ("NJTCA") bars Plaintiff's IIED claim. The Court agrees.

Claims against public entities or employees must be "presented in accordance with the procedure set forth" in the NJTCA. N.J.S.A. § 59:8-3. One procedural requirement is that a claim for damages must be brought within 90 days of accrual. § 59:8-8. In "extraordinary circumstances," a court may permit an untimely filing "any time within one year after the accrual . . . provided that . . . the public employee has not been substantially prejudiced thereby . . . ." § 59:8-9. "After the one-year limitation has passed, 'the court is without authority to relieve a plaintiff from his failure to have filed a notice of claim, and a consequent action at law must fail.'" *Noble v. City of Camden*, 112 F. Supp. 3d 208, 234 (D.N.J. 2015) (quoting *Pilonero v. Township of Old Bridge*, 566 A.2d 546, 548 (N.J. Super. Ct. App. Div., 1989)); *Barbaria v. Sayreville Twp.*, 467 A.2d 259, 263 (N.J. Sup. Ct. App. Div. 1983) ("Except on behalf of infants or incompetent persons, the one-year period is not subject to further extension.") (internal citations omitted). Plaintiff's action accrued no later than April 2, 2014, the date of her conviction, and she did not file this action until April 1, 2016. Her claim for IIED does not comply with NJTCA's limitations provision.

Plaintiff argues that NJTCA should not bar her state tort claim because the constitutional claims here supersede that statute's limitations period. While it is true that the NJTCA notice requirement does not bar federal or constitutional claims, the presence of constitutional claims does not exempt the Complaint's non-constitutional claims from the NJTCA notice provision. *See, e.g.*, *County Concrete Corp. v. Town of Roxbury*, 442 F.3d 159, 174 (3d Cir. 2006). Nor does the presence of constitutional claims somehow constitutionalize ordinary common law claims, such as IIED, so as to move those claims beyond the purview of the NJTCA. *See id.* Defendants' motion to dismiss Count 6 is **GRANTED** and the claim is **DISMISSED with prejudice**.

### C. Claims against *pro se* Defendant Moshood Olushekun

Defendant Moshood Olushekun did not move to dismiss with the other Defendants. He instead filed an Answer *pro se* on August 11, 2016, asserting, *inter alia*, that Plaintiff

failed to state a claim upon which relief could be granted.[6] Where the deficiency of claims against moving defendants "applies equally to the non-moving defendants," courts may grant dismissal of claims against non-moving defendants *sua sponte*. *Michaels v. State of N.J.*, 955 F. Supp. 315, 331 (D.N.J. 1996). Here, the § 1983 claims against Olushekun fail pursuant to *Heck v. Humphrey* so long as Plaintiff's conviction remains intact. *See infra* pp. 4-5. The Court also notes that none of the seven Counts distinguishes among the individual Defendants. Given Olushekun's *pro se* status and the inadequacy of the claims against him, the Court considers Olushekun to have joined in the motion to dismiss. *See Bintliff-Ritchie v. Am. Reinsurance Co.*, 285 F. App'x 940, 943 (3d Cir. 2008); *Michaels*, 955 F. Supp. at 331 ("[E]ven if a party does not make a formal motion to dismiss, the court may, *sua sponte*, dismiss the complaint where the inadequacy of the complaint is clear."). *See also Coulter v. Unknown Prob. Officer*, 562 F. App'x 87, n.2 at 89 (3d Cir. 2014) ("[W]e note that courts have upheld a district court's authority to *sua sponte* dismiss a complaint for failure to state a claim against a non-moving defendant where it was clear the plaintiff failed to state a claim for relief."); *Collura v. Ford*, 2016 WL 409228, at *26, n. 29 (E.D. Pa. Feb. 3, 2016) (*Heck* defense "is not waived by failure to plead it as an affirmative defense.") (citing *Walker v. Munsell*, 281 F. App'x 388, 389 (5th Cir. 2008)).

IV. **CONCLUSION**

For the reasons above, the motion to dismiss is **GRANTED** pursuant to the accompanying Order. All Counts against the Union County Prosecutor's Office are **DISMISSED *with* prejudice**. As to all other Defendants, Counts 1, 2, 3, 4, 5 and 7 are **DISMISSED *without* prejudice**, while Count 6 is **DISMISSED *with* prejudice**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

**April 12, 2017**

---

[6] *See* 12(h)(2)(A) ("Failure to state a claim . . . may be raised [] in any pleading allowed or ordered under Rule 7(a) . . ..").